THE PEOPLE *ex rel.* Gleason, County Treasurer,

*v.*

A. N. YANCEY.

*Filed at Springfield June 18, 1897.*

1. STATUTES—*repeals by implication are not favored.* Repeals by implication are not favored, and will not be declared in the absence of clear legislative intention, nor will an act amending a particular section of a former statute be given as liberal construction in that regard as would a general act containing the same provisions.

2. SPECIAL TAXATION—*amendment of 1895 to section 17 of article 9 of City and Village act construed.* The amendment of 1895 to section 17, article 9, of the City and Village act, (Laws of 1895, p. 100,) which provides that a jury may pass upon the question of benefits in special taxation cases, does not affect the act of 1875, (Laws of 1875, p. 63,) to provide additional means for the construction of sidewalks by special taxation.

3. SAME—*scope of act of 1875, for construction of sidewalks by special taxation.* The act of 1875, to provide additional means for the construction of sidewalks by special taxation of contiguous property on a basis of frontage, is an independent act, complete in itself, and municipalities may act thereunder without reference to the provisions of article 9 of the City and Village act.

APPEAL from the County Court of Macoupin county; the Hon. BALFOUR COWEN, Judge, presiding.

This is an appeal from a judgment of the county court of Macoupin county denying the application of the county collector for a judgment against the property of appellee for a delinquent sidewalk tax. The facts are as follows: On July 1, 1895, the city council of Carlinville passed an ordinance providing for the construction of a cement sidewalk on the east side of West street, in said city, from the south line of West Main street to the south line of Walnut street. This ordinance was passed pursuant to the provisions of the act of April 15, 1875, entitled "An act to provide additional means for the construction of' sidewalks in cities, towns and villages." (Hurd's Stat. of 1889, sec. 291, p. 295.) The ordinance enumerated the lots along the line of which the sidewalk was to be laid, among which was lot 123 of the original plat of the town of Carlinville, having a frontage of one hundred and sixty-five feet on West street. It further provided that two-thirds of the cost of the sidewalk should be paid by special taxation of the lots touching upon the line of such sidewalk, in proportion to their frontage thereon; gave the owners thirty days' to construct the sidewalks according to the ordinance, and in default thereof authorized the city to construct the same, and provided that the superintendent of streets should file a bill of the cost, showing in separate items the cost of grading, materials, etc., in the office of the city clerk, together with a list of the lots touching upon the sidewalk so constructed, the names of the owners and the frontage thereupon; that the city clerk should then proceed to make a tax list

against such lots, compute the special tax thereon on account of the construction of the sidewalk, according to the frontage of each lot on the sidewalk, and issue his warrant for the collection of such special tax; that in case such special tax should remain unpaid the clerk should make a report in writing of such unpaid taxes to the county collector, together with a copy of the ordinance under which they were levied, whereupon the county collector should at once proceed to ask for judgment against such property to the amount of the unpaid special tax, according to the general revenue laws of the State.   By section 6 of the ordinance a special tax was levied upon the property abutting upon the sidewalk for a sum equal in amount to two-thirds of the cost and expense of making such improvement.   A. N. Yancey, the appellee, owned lot 123, and did not build the sidewalk as required by the ordinance, but the same was constructed by the city, and the city clerk reported that the sum of $93.50 was the amount of the special tax to be collected from said lot, and the county collector thereupon asked for judgment.

No objections are made to any of the terms of the ordinance, nor to the proceedings had under the same, except that under its provisions the property of the objector is specially taxed more for the construction of the proposed improvement than the same is benefited thereby, and that no opportunity is given in any of the provisions of the ordinance for this objection to be tried by a jury.   The county court sustained the objections and denied the application for judgment, and the case is now in this court on appeal.

ALVA CLOUD, for appellant:

A statute expressly repealing several statutes touching the same general subject should not be construed as repealing, by implication, another statute on the same subject which is not referred to, where the two can prop-

erly stand together, and such fairly appears to have been the intention. *Grapp* v. *People*, 67 Ill. 154.

A general statute does not operate as a repeal of a former particular statute. *Hyde Park* v. *Cemetery Ass.* 119 Ill. 141.

A general statute without negative words will not repeal particular provisions of a former statute, unless the two statutes are irreconcilably inconsistent. *Covington* v. *East St. Louis*, 78 Ill. 548; *Gunnarssohn* v. *Sterling*, 92 id. 569.

Repeals by implication are not favored, and the earliest statute continues in force unless the two acts are clearly inconsistent with and repugnant to each other, or unless in the latter statute some express notice is taken of the former plainly indicating an intention to repeal it; and where the two statutes are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication. *Holton* v. *Daly*, 106 Ill. 131; *Ottawa* v. *County of LaSalle*, 12 id. 239; Dwarris on Statutes, 674; Bacon's Abr. title "Stat. D;" *Bowers* v. *Seare*, 5 Hill, 221; *Kinney* v. *Mallory*, 3 Ala. 626; *Bruce* v. *Schuyler*, 4 Gilm. 221.

The repeal of statutes by implication is not favored. There will be no repeal unless the repugnancy is clear and plain. *Pavey* v. *Utter*, 132 Ill. 489; *Crerar* v. *Williams*, 145 id. 625; *Grapp* v. *People*, 67 id. 154; *Wragg* v. *Penn Township*, 94 id. 11.

PEEBLES & PEEBLES, for appellee:

One law may be amended by another without any reference to it. *School Directors* v. *School Directors*, 135 Ill. 474.

A statute may be repealed without an express clause for that purpose. *Mullen* v. *People*, 31 Ill. 444.

When necessary, that which is implied as well as that which is expressed may be held to be included within a statute. *People* v. *Hinrichsen*, 161 Ill. 226.

An affirmative statute is a repeal, by implication, of a prior affirmative statute so far as it is contrary thereto.

*People* v. *Brayton*, 94 Ill. 342; *Devine* v. *Commissioners*, 84 id.
590; *Card* v. *McCabe*, 69 id. 314.

In construing a statute the intention of the legislature
will be considered by the court. *Walker* v. *Springfield*, 94
Ill. 364; *Beardstown* v. *Virginia*, 76 id. 34; *Frye* v. *Railroad
Co.* 73 id. 399; *Union Building Ass.* v. *Chicago*, 64 id. 439.

Courts, in construing a statute, will consider, first of
all, the objects and purposes of the act in question. *People*
v. *Blackwelder*, 21 Ill. App. 254; *Gormley* v. *Uthe*, 116 Ill. 645.

Although repeal by implication is not favored, yet a
subsequent statute making a different provision on the
same subject is to be construed as an implied repeal of
the former, so far as the provisions are incompatible with
each other.    23 Am. & Eng. Ency. of Law, 484.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question involved in this record relates to
the effect of the act of the legislature approved June 21,
1895, entitled "An act to amend section 17, article 9, of
an act to provide for the incorporation of cities and vil-
lages, approved April 10, 1872, in force July 1, 1872,"
which is as follows:

"Section 1. *Be it enacted, etc.:* That section 17, of arti-
cle 9, of 'An act to provide for the incorporation of cities
and villages,' approved April 10, 1872, in force July 1,
1872, be and the same is hereby amended so as to read as
follows:

" 'Section 17. When said ordinance under which said
local improvement shall be ordered shall provide that
such improvement shall be made by special taxation of
contiguous property, the same shall be levied, assessed
and collected in the way provided in the sections of this
act providing for the mode of making, levying, assessing
and collecting special assessments: *Provided,* that no spe-
cial tax shall be levied or assessed upon any property·
to pay for any local improvement in an amount in excess
of the special benefit which such property shall receive

from such improvement. Such ordinance shall not be deemed conclusive of such benefit, but the question of such benefit and of the amount of such special tax shall be subject to the review and determination of the county court, and be tried in the same manner as in proceedings by special assessments." (Laws of 1895, p. 100.)

It is contended by counsel for appellee that this act virtually amends the act of April 15, 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," and that therefore the ordinance under which the sidewalk in question was constructed was void, as it provided for no way of ascertaining the benefits by a jury. This last named act commences with the sentence, "that, in addition to the mode now authorized by law, any city or incorporated town or village may, by ordinance, provide for the construction of sidewalks therein," and it is contended that it is therefore really a part of article 9 of the City and Village act, and that the amendment also applies to it. The amendatory act, in its title and its enacting clause, purports to amend only section 17 of article 9, and in fact all the amendment that was made by it consisted in the addition of the proviso. The act of 1875 provides an entirely different method of levying the special tax from that provided in article 9 of the City and Village act. There is no similarity between the methods pursued. Article 9 requires the adoption of an ordinance ordering the improvement, an estimate of the cost of such improvement by commissioners appointed by the city, a petition by the city to the county court for an assessment of such cost on the property owners, an appointment of commissioners by the court to make the assessment roll, a hearing before the court on this assessment roll, and a judgment of confirmation of the tax assessed by the court commissioners. The Sidewalk act of 1875 provides for the passage of an ordinance ordering the sidewalk, permits the property owners to construct such sidewalk

within thirty days after the publication of the ordinance, and in default thereof that the same be constructed by the city at their cost, the bill for which is to be filed with the city clerk, together with a list of the property and owners; that the clerk shall prepare a special tax list against such property and its owners, ascertaining by computation the amount of special tax to be charged against each lot, and that he shall issue warrants to such officer as may be designated in the ordinance for the collection of such special tax; that such officer shall proceed to collect such warrants and make a return to the city within sixty days; that upon failure to collect such special tax a report of the delinquents shall be made by the clerk to the general officer of the county authorized to sell land for taxes, together with a copy of the ordinance, who shall then proceed to obtain judgment for such delinquent tax against such lots in the usual manner as provided by law.

It will be seen that here there is no method of getting the special tax levy before a court until application is made for judgment against the delinquent lands, just as in the ordinary tax levies for general purposes, while under article 9 the tax levy is made by the court, in effect, and any objections can be heard and determined before judgment of confirmation passes, and since the amendment of 1895 a jury may be had in all cases. The two acts cannot be combined, nor can cities proceed partly under one and partly under the other. The Sidewalk act is complete in itself, and no reference is made therein to article 9. In its enforcement cities do not have to look to article 9 for directions how to proceed in constructing a sidewalk under its provisions, but the act of 1875 lays down full and complete directions how cities shall proceed in constructing sidewalks under its provisions, from the passage of the ordinance down to the collection of the tax by the county collector. In view of the fact that the proceedings under the two acts are

so entirely dissimilar, it would be impossible to extend the operation of the amendment of 1895 to the Sidewalk act without thereby repealing the same by implication, as it affords no method by which a jury may be impaneled to pass upon the question of benefits. Repeals by implication are not favored, and will not be declared unless it is manifest that the legislature so intended.

Article 9 prescribes minutely the course to be taken in proceedings had under its provisions. Section 16 provides the method of assessment "when the ordinance under which said improvement is ordered to be made shall provide that such improvement shall be made by general taxation." Section 18 provides the method of assessment "when the ordinance under which said local improvement is ordered to be made shall provide that such improvement shall be * * * made by special assessment." Section 17 provides the method of assessment "when said ordinance under which said local improvement shall be ordered shall provide that such improvement shall be made by special taxation," to which the amendment added the proviso "that no special tax shall be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special benefit which such property shall receive from such improvement; such ordinance shall not be deemed conclusive of such benefit," etc.

It is obvious from an inspection of these sections and of the proviso added to section 17, that they all relate to an ordinance passed under the provisions of article 9. The title of the amendatory act, and its enacting clause, as we have seen, relate exclusively to section 17 of article 9, and by all reasonable rules of construction, in view of the context, its operation must be restricted accordingly. The case might be different if the legislature had passed a general act containing the provisions of this amendatory act, but without therein amending any particular section or act. In such case this would be the

enunciation of a general rule and applicable to all cases of special taxation arising thereafter. But this the legislature did not do. It in express terms amended section 17 of article 9 of the City and Village act and made no reference to the Sidewalk act. The object of the legislature in passing the Sidewalk act of 1875 was doubtless to provide a less cumbersome and expensive method of constructing sidewalks by special taxation than that laid down in article 9 of the City and Village act, and affording each lot owner an opportunity to construct such walk in front of his own premises. This act has been held constitutional in *White* v. *People*, 94 Ill. 604. In *Craw* v. *Village of Tolono*, 96 Ill. 255, this court said (p. 259): "Serious apprehensions are expressed lest, under the power to impose special taxation upon contiguous property for local improvements, cities may, in case of very expensive improvements, abuse the power, and, under the form of its exercise, practically confiscate private property to public use. So long as it is confined to sidewalks there is little cause for such apprehension. It will be time enough to consider the question when a case of oppression occurs. Meanwhile, it may not be amiss to suggest that all this must be done, if at all, by ordinance, and it must be remembered that ordinances, to be valid, must be reasonable,—not unfair or oppressive,—and must spring from an honest exercise of legislative discretion." In *Hawes* v. *City of Chicago*, 158 Ill. 653, we held the sidewalk ordinance void, as being unreasonable, unjust and oppressive.

No complaint is made that the ordinance under which this sidewalk was constructed was unreasonable, unjust and oppressive. The whole contention relates to the effect of the amendment of 1895. As we have seen, this amendment does not apply to the Sidewalk act of 1875.

The judgment of the county court will be reversed and the cause remanded.      *Reversed and remanded.*