MINNIE HULL *et al.*

*v.*

THE PEOPLE *ex rel.* George McCormick, County Collector.

*Opinion filed December 22, 1897.*

1. SPECIAL TAXATION—*what objections may be considered on application for judgment of sale.* On application for judgment of sale for a delinquent special tax or assessment only such objections may be considered as affect the jurisdiction of the court to render the judgment of confirmation.

2. SAME—*matters of which the confirmation judgment is conclusive.* A judgment confirming a special tax is conclusive, in a collateral proceeding to sell the property for delinquent taxes, as to all objections to the proceedings in the county court, and the alleged failure of the court, and commissioners appointed by it, to comply with supposed requirements in making the assessment roll and confirming the assessment.

3. SAME—*objection that ordinance is void is available in a collateral proceeding.* An objection that a special taxation ordinance is void as without statutory authority, or not within the power of the city council, is available on application for judgment of sale.

4. SAME—*effect of amendment of 1895 to section 17 of City and Village act.* The amendment of 1895 to section 17 of article 9 of the City and Village act (Laws of 1895, p. 100,) does not abridge the city council's power to enact special taxation ordinances, nor require the introduction therein of any new provisions to give them validity, but merely gives a property owner the right, if dissatisfied with the tax, to have the question of benefits submitted to a jury.

5. SAME—*when special taxation ordinance is not invalid.* A special taxation ordinance is not invalid, under the provisions of section 17 of article 9 of the City and Village act, as amended in 1895, because it provides for a special tax upon contiguous property to pay the entire cost of a street improvement, except at street intersections and along a public park, without any provision therein limiting the tax to the benefits received by the property.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

J. H. & L. D. YAGER, for appellants.

JOHN F. McGINNIS, and HENRY S. BAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Madison county applied for judgment against the lands and lots of appellants, which were returned to him delinquent as to a special tax levied by the city of Alton to macadamize and improve certain streets in said city and which had been confirmed by the judgment of the county court. Appellants appeared and filed objections, which were overruled and judgment was rendered against the premises.

This being a collateral proceeding, only such objections can be heard or considered as affect the jurisdiction of the county court to pronounce the judgment of confirmation. (*Steenberg* v. *People ex rel.* 164 Ill. 478; *People* v. *Colvin*, 165 id. 67; *People ex rel.* v. *Lingle*, id. 65.) The objections, therefore, to the proceedings in the county court, and the alleged failure of the court and the commissioners appointed by it to comply with the supposed requirements in making the assessment roll and confirming the assessment, will not be considered. The judgment of confirmation is binding and conclusive as against all such objections.

The only claim affecting the jurisdiction of the county court to hear and determine the questions involved in the assessment proceedings is, that the ordinance authorizing the improvement was void, so that it conferred no rights and no steps could be taken under it. Such an objection may be made in the collateral proceeding, and it is a good defense that a provision is without statutory authority and not within the power delegated to the city council, (*Culver* v. *People*, 161 Ill. 89,) or that the ordinance does not comply with a positive requirement of the statute necessary to make a valid enactment. (*Mansfield* v. *People*, 164 Ill. 611; *Cass* v. *People*, 166 id. 126.) The ground upon which the ordinance in this case is claimed to be void is, that it provides for a special tax upon contiguous property to pay the entire cost of the improvement, ex-

cept at street intersections and contiguous to a public park, without any provision limiting the tax to the benefits received by the property.

It is insisted that the amendment of 1895 to section 17 of article 9 of the City and Village act completely eliminated special taxation from the law of this State, and left only the law of special assessment to pay for local improvements. We do not understand that the amendment had that effect. It provided that no special tax should exceed the special benefit to the property taxed, and that the ordinance should not be deemed conclusive of such benefit, but the question should be subject to review and determination of the county court and be tried in the same manner as in proceedings by special assessment. Prior to this amendment, while the special tax was supposed to be based on an equivalent in benefits, the city council had a right to finally determine that question, and the imposition of the tax was such a determination which could not be disputed and was not subject to review. (*White* v. *People,* 94 Ill. 604; *Craw* v. *Village of Tolono,* 96 id. 255; *Enos* v. *City of Springfield,* 113 id. 65; *City of Galesburg* v. *Searles,* 114 id. 217; *City of Sterling* v. *Galt,* 117 id. 11; *Chicago and Northwestern Railway Co.* v. *Village of Elmhurst,* 165 id. 148.) The amendment merely changed this rule of law by providing that the ordinance should not be deemed conclusive of benefits, but that the land owner might, if dissatisfied, have that question submitted to the court and tried by a jury in the same manner as in proceedings by special assessment. It did not in any way affect or abridge the power of the city council in the enactment of the ordinance or require the introduction of any new provision to give it validity. The ordinance for the special tax was therefore not void, but was within the power conferred upon the city council and gave the court jurisdiction to enter the judgment of confirmation. The appellants did not avail themselves of the privilege extended to them by the amendment of

1895, and have the question of benefits reviewed and determined, and the judgment of the county court, which had jurisdiction, cannot be questioned in this collateral proceeding to collect the amount of the judgment.

The judgment will be affirmed.

*Judgment affirmed.*