The Village of Western Springs

*v.*

Adaline B. Hill *et al.*

*Opinion filed February 17, 1899.*

1. Public improvements—*owners entitled to fifteen days to build sidewalks.* Section 19 of article 9 of the City and Village act, (Rev. Stat. 1874, p. 234,) providing that lot owners shall have fifteen days after the ordinance takes effect in which to build their sidewalks, applies to special taxation as well as special assessments.

2. Same—*sidewalk ordinance must contain provision as to allowance of fifteen days.* A special taxation ordinance for sidewalk improvement, passed under article 9 of the City and Village act, must contain a provision allowing property owners fifteen days for building their walks, as the statute provides no other form of notice.

3. Same—*deferred installments do not bear interest from date of confirmation.* Deferred installments of a special tax, divided under section 1 of the act of 1893, (Laws of 1893, p. 78,) bear interest from thirty days after confirmation, and not from the date of judgment.

4. Practice—*amendment of ordinance after case is under advisement is ineffectual.* An amendatory ordinance passed to make the original improvement ordinance conform to the law is ineffectual, where the objections to the petition have been argued and the case taken under advisement.

Appeal from the County Court of Cook county; the Hon. R. H. Lovett, Judge, presiding.

Frederick A. Willoughby, for appellant.

E. F. Gorton, George W. Brown, W. P. Quinby, and A. J. Elvig, for appellees.

Mr. Justice Magruder delivered the opinion of the court:

The village of Western Springs filed its petition in the county court of Cook county for the confirmation of a special tax to defray the cost of a cement sidewalk on certain streets of the village. The appellees objected to the confirmation of the tax; and the court sustained their

objections and dismissed the petition.   The present appeal is prosecuted from the order of the court, sustaining the objections and ordering the petition to be dismissed.

The objections filed by the appellees were more than twenty in number; but we do not deem it necessary to notice more than two of these objections, which we think were sufficient to justify the action of the court below.

The main objection to the confirmation of the assessment, discussed by counsel in their briefs, is that the ordinance providing for the sidewalk does not give to the property owners fifteen days to complete or build the sidewalk in front of their property, as required by section 19 of article 9 of the City and Village act.

Counsel for appellant claims, that the first proviso to said section 19 does not apply where the proceeding for a local improvement is by special taxation, instead of special assessment.   Section 17 of said article 9 provides that, "When said ordinance, under which said local improvement shall be ordered, shall provide that such improvement shall be made by special taxation of contiguous property, the same shall be levied, assessed and collected in the way provided in the sections of this act, providing for the mode of making, levying, assessing and collecting special assessments."   Section 18 of article 9 provides that, "When the ordinance, under which said local improvement is ordered to be made, shall provide that such improvement shall be wholly or in part made by special assessment, the proceedings for the making such special assessment shall be in accordance with the sections of this article from 18 to 51 inclusive."   Section 19 of article 9 provides that, "Whenever such local improvements are to be made wholly or in part by special assessment, the said council in cities, or board of trustees in villages, shall pass an ordinance to that effect, specifying therein the nature, character, locality and description of such improvement, either by setting forth the same in the ordinance itself, or by reference to maps:  *  *  *  *Provided,*

that, whenever any such ordinance shall provide, only, for the building or renewing of any sidewalk, the owner of any lot or piece of land fronting on such sidewalk shall be allowed fifteen days after the time, at which such ordinance shall take effect, in which to build or renew such sidewalk opposite his land, and, thereby, relieve the same from assessment: *Provided*, that the work so to be done shall, in all respects, conform to the requirements of such ordinance."

As special taxation is to be levied, assessed and collected in the mode provided for the making, levying, assessing and collecting of special assessments, and, as section 19 is embraced within the sections, which provide the mode of making improvements by special assessments, it would seem to follow that section 19 and the provisos thereto apply, as well to improvements made by special taxation, as to improvements made by special assessment. Where the improvement is by special assessment, the owner is to be allowed fifteen days after the taking effect of the ordinance in which to build the sidewalk opposite his land, and thereby relieve the same from the assessment. So, also, where the improvement is by special taxation, there is no reason why the property owner should not be allowed the privilege of building or renewing the sidewalk opposite his land within the fifteen days named in the proviso.

But it is contended on the part of the appellant that, under the decisions of this court, the proceedings for the making of improvements by special assessment are inapplicable to the making of such improvements by special taxation. This contention is based upon the facts that, in special taxation, the municipal authorities fix the basis, on which the property is to be assessed, while, in special assessment, the commissioners appointed by the court determine the benefits, and assess the property in proportion to the benefits received by it from the improvement; that, in special taxation, the tax is confined

to contiguous property, while in special assessments it extends to property benefited, though not contiguous; and that, before the amendment made in 1895 to section 17 allowing the question of benefits to be tried by a jury in special taxation cases, the benefits were determined in such cases by the municipal authorities, while, in special assessments, a jury might be called to determine the question whether the premises were assessed more or less than they were benefited, or more or less than their proportionate share of the cost of the improvement. The holding of this court has always been, that the object of the legislature was to provide two modes for the making of local improvements, one by special assessment, and the other by special taxation of contiguous property; and that, in view of the two distinct systems provided for, section 17 was only to be understood as requiring such portions of the statute in regard to special assessments to be followed, as might be consistent with a proper exercise of the power of special taxation. (*Enos* v. *City of Springfield*, 113 Ill. 65). As, in special taxation, the benefits were determined by the municipal authority, it was held that those portions of the statute, providing for the making of the local improvement by special assessment, which required the trial of the question of benefits by a jury, were inapplicable to the proceeding by special taxation. The provision, that the common council should determine the benefits, was inconsistent with the provision, that the jury should be required to determine them. (*Chicago and Alton Railroad Co.* v. *City of Joliet*, 153 Ill. 649).

But it was never intended to be decided, nor was it ever decided by this court, that the provisions of the statute in regard to special assessments should not be followed in proceedings by special taxation, where such provisions were not inconsistent with a proper exercise of the power of special taxation.

It is consistent with the proper exercise of the power of special taxation, that the property owners should be

allowed to build or renew their own sidewalks, as provided for in section 19. We are of the opinion, that section 19 applies as well to a proceeding by special taxation, as to a proceeding by special assessment.

It is claimed, however, that, even if section 19 is applicable to special taxation, yet there is nothing in that section, which requires the ordinance itself to contain a provision allowing the property owners to build their sidewalks. We are unable to agree with this contention made by counsel.

The part of section 19, which provides for the allowance of fifteen days after the taking effect of the ordinance for the building or renewal of the sidewalk opposite his land by the property owner, is contained in a proviso. The office of a proviso, as a general thing, is to except something from the enacting clause, or to qualify or restrain the generality of such enacting clause. (*Sutton* v. *People*, 145 Ill. 279; *DeGraff* v. *Went*, 164 id. 485). The main or precedent clause in section 19 has reference to the contents of the ordinance required to be passed, inasmuch as it sets forth that such ordinance must specify the nature, character, locality and description of the improvement. The proviso is, therefore, intended to restrict or qualify a provision in reference to the contents of an ordinance. When, therefore, it provides that "the owner of any lot or piece of land fronting on such sidewalk shall be allowed fifteen days from the time at which such ordinance shall take effect in which to build or renew such sidewalk opposite his land," the plain intention of the legislature is that the ordinance itself should contain a provision, allowing the building or renewing of the sidewalk in the manner stated. It is true, that the law gives the owner the privilege of building his sidewalk for himself within a certain time, but the municipality is to indicate, in the ordinance passed by it, that the exercise of such privilege is to be allowed to him. The statute makes no provision for giving notice to the property owner, that he

will be allowed to exercise such privilege, otherwise than by the contents of the ordinance itself. In addition to this, the provision allowing the building of the sidewalk by the property owner should be inserted in the ordinance as a guide to the persons to be appointed to make an estimate of the cost of the improvement, contemplated by the ordinance. The improvement, whose cost is to be estimated, is so much of the sidewalk as is to be built by the municipality, excluding the part to be built by the property owners themselves. The estimate should recite, that the commissioners are appointed to make an estimate of the cost of so much of the improvement, as has not been made by the owners within the fifteen days specified by the proviso. (*McChesney* v. *City of Chicago*, 173 Ill. 75). In the case at bar, the ordinance was passed and approved June 24, 1897; the commissioners to estimate the cost of the improvement were appointed the same day; their estimate was returned and approved the same day, and on June 25, 1897, the petition was filed in the county court. It follows, in view of the haste thus indicated, that the commissioners must have made an estimate of the cost of making the whole improvement without giving the property owners the fifteen days, to which they were entitled for the making of the improvement, so far as it was in front of their property. It is said, however, that this court decided in *People* v. *Yancey*, 167 Ill. 255, that section 17 did not give the owners of property contiguous to the improvement the right to build their own sidewalks. The decision in that case bears no such construction as is thus put upon it. That decision was merely to the effect that the amendment to section 17, passed by the legislature and approved June 21, 1895, did not apply to the Sidewalk act of 1875. It was there held, that the amendment of 1895, which provides that a jury may pass upon the question of the benefits in special taxation cases, does not affect the act of April 15, 1875, entitled "An act to provide additional means for the construction of sidewalks

in cities, towns and villages." (1 Starr & Curt. Ann. Stat. —2d ed.—p. 857).

Another objection made to the confirmation of the assessment, and which was sustained by the court below, was that the ordinance provided for the collection of interest upon the special tax for a longer period than was authorized by law.

Section 4 of the ordinance in the present case provides that the special tax should be divided into four installments, and that "said deferred installments shall bear interest at the rate of six per cent per annum from and after the confirmation of said special taxation, until paid." The section also provides for the issuing of bonds in accordance with the provisions of section 2 of "An act to authorize the division of special assessments in cities, towns and villages into installments, and authorizing the issue of bonds to anticipate the collection of deferred installments," approved June 17, 1893. (Sess. Laws of 1893, p. 78). This act of 1893, under which the present assessment was made, provides that the installments "shall bear interest from and after thirty days succeeding the confirmation." It is thus apparent, that that portion of the present ordinance, which provides for interest upon the installments, is in direct conflict with the act of 1893 in pursuance of which the ordinance was passed. Section 4 of the ordinance says that the installments shall bear interest from and after the confirmation of the special taxation, whereas the law says, that the installments shall bear interest from and after thirty days succeeding the day of confirmation. It is not seriously contended, that section 4 of the ordinance was not invalid in thus requiring the property owners to pay more interest than was authorized by law.

It is claimed, however, that the difficulty was cured by the passage of an amendatory ordinance, making section 4 of the original ordinance conform to the law. The objections filed in this case, and the argument of counsel

thereupon, were heard by the court on December 4, 1897; and the matter was taken under advisement by the court until December 13, 1897. On December 11, 1897, the president and board of trustees of the village passed the amendatory ordinance above referred to, and, on December 13, 1897, such amendatory ordinance was admitted in evidence by the court over the objections of the appellees. This evidence was clearly incompetent, and should not have been admitted.

The issues were tried upon objections made to the original ordinance. Section 22 of article 9 of the City and Village act requires that the petition to be filed in the county court shall recite the ordinance for the proposed improvement. The petition thus reciting the ordinance is necessary to be filed in order to give the court jurisdiction. It is plain that the amendatory ordinance, passed on December 11, 1897, was not, and could not have been, recited in the petition, because it was passed long after the petition was filed. .

We are of the opinion, that the objections herein considered were well taken, and that the court below committed no error in sustaining the same, and in dismissing the petition. Accordingly the judgment of the county court is affirmed.           *Judgment affirmed.*