ZEPHANIAH B. JOB *et al.*

*v.*

THE CITY OF ALTON *et al.*

*Opinion filed February 20, 1901.*

1. SPECIAL TAXATION—*Sidewalk act of 1875 not affected by the act of 1897.* The act of 1875, "to provide additional means for the construction of sidewalks in cities, towns and villages," is not amended or repealed by the Local Improvement act of 1897.

2. SAME—*the Sidewalk act of 1875 is not in violation of the fourteenth amendment of Federal constitution.* The fact that the Sidewalk act of 1875 does not limit the amount of the special tax to special benefits received by the property does not render the act obnoxious to the fourteenth amendment to the Federal constitution, as such amendment was construed in the recent case of *Village of Norwood* v. *Baker*, 172 U. S. 269.

3. SAME—*ordinance to be valid must be reasonable.* A property owner is protected from arbitrary exactions under the act of 1875, for the construction of sidewalks by special taxation, by the rule that ordinances passed thereunder, to be valid, must be reasonable, and not oppressive or unjust.

4. SAME—*property owner has a remedy if special tax for sidewalk is oppressive.* Upon application for judgment of sale for a delinquent special tax levied under the authority of the Sidewalk act of 1875, a property owner may have the questions decided whether the tax is in substantial excess of the special benefits received, or the ordinance, for any reason, is unreasonable and oppressive.

APPEAL from the City Court of the city of Alton; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

JOHN G. IRWIN, and B. J. O'NEILL, for appellants:

The constitution, and laws of the United States made in pursuance thereof, shall be the supreme law of the

land, and judges in every State shall be bound thereby, anything in the constitution or laws of any State to the contrary notwithstanding. Const. U. S. art. 6, clause 2.

The exaction from the owner of private property of the costs of a public improvement in substantial excess of the special benefits accruing to him, is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation. *Norwood* v. *Baker*, 172 U. S. 269.

Whenever a local assessment or tax upon an individual is not founded upon and measured by the extent of his particular benefit, it is *pro tanto* a taking of his private property for public use without provision for compensation. *Fay* v. *Springfield*, 94 Fed. Rep. 409; *Norwood* v. *Baker*, 172 U. S. 269.

Failure to make provision for ascertaining the benefits as a part of the proceedings to make the assessment renders the entire tax, as well as the ordinance under which it is imposed, null and void. *Norwood* v. *Baker*, 172 U. S. 269; *Fay* v. *Springfield*, 94 Fed. Rep. 409.

The rule announced in *Norwood* v. *Baker*, when the ordinance here involved was passed, was the law of this State, made so by legislative act. Section 35 of the Special Assessment act of 1897 provided that no special tax should be levied or assessed upon any property to pay for any local improvement in an amount in excess of the special benefit which such property should receive from such improvement, and that such ordinance should not be deemed conclusive of such benefit, but the question of such benefit and of the amount of such special tax should be subject to the review and determination of the court, and be tried in the same manner as in proceedings by special assessment. Hurd's Stat. 1899, sec. 541, p. 369.

A proviso in the repealing section of the act of 1897 continues the Sidewalk act of 1875 in force, but the provision of the act of 1897, above quoted, is in the nature of an amendment to it; and, being *in pari materia* and the

189—17

latest expression of the legislative will, should be held parts of one act. If this is the sound view, the ordinance in question was void for failing to provide for ascertainment of benefits in the manner relating to local assessments under the act of 1897. *Anderson* v. *Railroad Co.* 117 Ill. 26; *Gauen* v. *Drainage District*, 131 id. 446; *Hunt* v. *Railway Co.* 121 id. 639.

Where a tax is levied without authority it will be enjoined. *Norwood* v. *Baker*, 172 U. S. 269; *Allwood* v. *Cowen*, 111 Ill. 486; *Butz* v. *Kerr*, 125 id. 660; *People* v. *Hamill*, 134 id. 666; *Kochersperger* v. *Larned*, 172 id. 86.

LEVI DAVIS, and LEVI D. YAGER, for appellees:

As admitted by appellants' counsel, the Sidewalk act of 1875 has been repeatedly held to be constitutional by the Supreme Court of this State.

In cases of special taxation the Supreme Court of this State has held, in conformity with the rulings of other States, that the levying of such special taxes is not a taking of private property for public use under the right of eminent domain, but is the exercise of the right of taxation, inherent in every sovereign State. *Railway Co.* v. *Elmhurst*, 165 Ill. 148; *White* v. *People*, 94 id. 604.

In *Norwood* v. *Baker*, 172 U. S. 269, the decision was based upon proceedings under the right of eminent domain, and the same decision would have been made by the Supreme Court of Illinois under like facts.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants, who are the owners of the lots specially taxed, filed their bill in the city court of Alton against the city of Alton, its mayor, city clerk and special collector, to enjoin the collection of a special tax levied by the city council to construct a sidewalk. On the final hearing the court dismissed the bill, but continued in force, pending this appeal, the temporary injunction which had been previously granted.

The case made by the pleadings and proofs is, briefly, this:  On August 10, 1897, the council passed an ordinance entitled "An ordinance for the construction of a brick sidewalk on Third street from Cherry street to Shields street," in pursuance of "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, in force July 1, 1875.  (Laws of 1875, p. 63.)  The grounds upon which the complainants sought to maintain their bill was, that the tax was imposed without authority of law and was and is illegal and the ordinance void.  The sidewalk and curbing, the manner of construction under the direction of the city engineer and materials to be used were specifically described in the ordinance.  The ordinance required, in accordance with the statute, the several lot owers to construct such walk in front of their respective lots abutting thereon within thirty days, and provided that in default thereof so much of the walk as should not be so made should be constructed by the city and the cost apportioned to the several lots fronting thereon, according to frontage, and paid by special taxation.  A few of the lot owners constructed the walk in front of their lots, but the complainants refused on their part, and the work in front of their several lots was done by the city and the cost imposed on their said lots, as provided by the ordinance.  They refused to pay the same on the warrant issued by the city clerk, and when that officer was about to make report to the county collector of such special tax as delinquent, in order that a judgment of sale might be obtained, as provided by the statute and the ordinance, the complainants filed their bill and obtained the temporary injunction above mentioned.

While several minor objections to the ordinance and the tax are urged, and which we find are untenable, the substantial ground relied on to sustain the bill is, that the ordinance is void because the whole cost of the sidewalk was imposed as a special tax upon the abutting

property according to frontage, and was not limited to
the amount of benefits, and no provision was made, as it
is said, for ascertaining such benefits; that both the stat-
ute and ordinance violate the constitution of this State
and also the fourteenth amendment to the constitution
of the United States, which prohibits the State from de-
priving any person of his property without due process
of law and from denying to any person within its juris-
diction the equal protection of the laws, as that amend-
ment has been construed by the Supreme Court of the
United States in *Village of Norwood* v. *Baker*, 172 U. S. 269.
The bill alleged also, and it is contended, that the ordi-
nance is unreasonable and oppressive, and void for that
reason.

It will be observed that the ordinance follows the
statute of 1875, and that no provision for ascertaining
benefits by a hearing in court on application to confirm
the assessment is made either by the statute or the ordi-
nance, and that the only hearing open to the property
owner is the one which may be had on the application of
the county collector for a judgment of sale for delinquent
taxes. Counsel concede that the statute of 1875, relating
to sidewalks, has been held a valid one by this court,
(*White* v. *People*, 94 Ill. 604, *Craw* v. *Village of Tolono*, 96 id.
255,) except so much of it as makes the lot owner per-
sonally liable, but they contend that since the statute
of 1895, amending section 17 of article 9 of the general
Incorporation act, (Laws of 1895, p. 100,) which, in sub-
stance, has been incorporated as section 35 of the Local
Improvement act of 1897, (Hurd's Stat. 1899, p. 362,) pro-
vision must be made by law for ascertaining the special
benefits and for a determination of that question by the
courts before there can be any return of the property
as delinquent to the county collector. Their contention
amounts to this: that a special tax to build a sidewalk
cannot now be levied under the act of 1875, which makes
no provision for proceedings in court to confirm such

tax, and for a hearing in such proceeding as to the question of benefits, without applying also the provisions of the act of 1897 providing for such a hearing. It is sufficient to say that the Local Improvement act of 1897 does not purport to amend the Sidewalk act of 1875 nor to repeal it. Section 99 of the act of 1897 expressly preserves from repeal the act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," and we held in *People* v. *Yancey*, 167 Ill. 255, that the act of 1895, amending section 17 of article 9 of the City and Village act, which provided for a hearing of the question of benefits on application to the court for confirmation, did not repeal said Sidewalk act of 1875. We there held that there was no method of getting the special tax levy, made under the Sidewalk act of 1875, before a court for review until application is made for judgment against the delinquent lands; that the act of 1875 and the act of 1897 cannot be combined, nor can municipal authorities proceed partly under one and partly under the other in the same case; that the Sidewalk act is complete in itself. It follows that it must be held that in levying the tax in question the city of Alton proceeded in conformity to the constitution and laws of this State, it not having been made to appear that the ordinance was unreasonable or oppressive.

It only remains to be considered whether said Sidewalk act of 1875, and the proceedings taken under it in this case, are in conflict with the fourteenth amendment of the constitution of the United States, as that amendment has been recently construed by the Federal Supreme Court in *Village of Norwood* v. *Baker*, *supra*. The substance of the holding in that case was, that an assessment of the whole cost of opening a street, including the value of the land and the costs of condemnation proceedings, could not be assessed back upon the property abutting on each side of the new street, according to the front-foot plan, without regard to the question whether or not

the property so assessed was specially benefited to the amount of the assessment, and that such an assessment was void under the fourteenth amendment because it rested upon a basis that excluded any consideration of benefits, and that a bill to enjoin the whole assessment was the only appropriate remedy. Among other things the court said: "The guaranties for the protection of private property would be seriously impaired if it were established as a rule of constitutional law that the imposition by the legislature upon particular private property of the entire cost of a public improvement, irrespective of any peculiar benefits accruing to the owner from such improvement, could not be questioned by him in the courts of the country. It is one thing for the legislature to prescribe it as a *general* rule that property abutting on a street opened by the public shall be deemed to have been specially benefited by such improvement, and therefore should specially contribute to the cost incurred by the public; it is quite a different thing to lay it down as an absolute rule that such property, whether it is in fact benefited or not by the opening of the street, may be assessed by the front foot for a fixed sum representing the whole cost of the improvement, and without any right in the property owner to show, when an assessment of that kind is made or is about to be made, that the sum so fixed is in excess of the benefits received. In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, *to the extent of such excess*, a taking, under the guise of taxation, of private property for public use without compensation. We say 'substantial excess,' because exact equality of taxation is not always attainable, and for that reason the excess of cost over special benefits, unless it be of a material character, ought not to be regarded by a court of equity when its aid is invoked to restrain the enforcement of a special assessment."

This decision of the Supreme Court of the United States was considered and applied in *Dexter* v. *City of Boston,* (Mass.) 57 N. E. Rep. 379, in which case it was held that a statute authorizing an assessment in substantial excess of the benefits to be derived from the making of a sewer was void; that such assessment must be founded on the benefits and be proportionate to the benefit. In *Adams* v. *City of Shelbyville,* (Ind.) 57 N. E. Rep. 114, it was held applicable to the improvement of a street by setting curb-stones and filling in between the curb and the lot lines, and it was there held that all local assessments in excess of the special benefits are a benefit to the municipality and must be borne by the general treasury, but the statute in that case was held valid because a hearing before the city council was authorized by the statute, where the property owner could be heard on the question of benefits. The *Norwood case* has also been cited and applied, or distinguished, in many other cases in both the Federal and State courts. A few only need be mentioned.

In *Webster* v. *City of Fargo,* (Dak.) 82 N. W. Rep. 732, it was held that a statute which authorized the charging of the whole cost of paving a street on the abutting property according to frontage was not in conflict with the fourteenth amendment to the Federal constitution, and that the decision in the *Norwood case* was based upon the particular provisions of the statutes of Ohio. The effect of the decision in the Dakota case is, that it was not the intention of the Supreme Court of the United States to announce the general doctrine that any legislative enactment authorizing the levy of a special assessment to pay for any kind of a local improvement upon abutting property, according to frontage, is in conflict with the fourteenth amendment, unless it provides that such assessment or tax shall be based upon, or not exceed, the special benefits which the property taxed will receive by the improvement, and unless it provides for the prop-

erty owner an opportunity to be heard in some proper proceeding to determine that question. The Supreme Court of Michigan took a similar view in *Crass Farm Co.* v. *City of Detroit,* 83 N. W. Rep. 108, and held that an act authorizing the assessment of the entire cost of paving a street upon the abutting property, according to frontage, was not an arbitrary exaction and in conflict with the fourteenth amendment to the Federal constitution.

We might refer to other cases, but as the case at bar involves the construction of a sidewalk, only, and not a general improvement of the street, we deem it unnecessary to enter upon any general review of the authorities. As to local improvements other than sidewalks constructed under said act of 1875, the question involved has been put at rest in this State by the recent legislation above mentioned, although as a Federal question it has not heretofore been decided. But, in accord with the great weight of authority, including that of the Supreme Court of the United States as then understood, this court had held in a long line of cases, that while a special tax for a local improvement is based upon the special benefits which it is presumed the property taxed will receive from the improvement, the ordinance itself, passed in pursuance of legislative authority under the constitution of this State, was a conclusive determination of the question of benefits, and that the courts had no power in cases of special taxation, like they have in cases of special assessments, to consider or determine whether the property taxed was specially benefited or not, or if benefited, the amount of such benefits. The only qualification of the rule or of the power of the municipality was, that the ordinance would be held void if unreasonable and oppressive. (*Craw* v. *Village of Tolono,* 96 Ill. 255; *Enos* v. *City of Springfield,* 113 id. 65; *City of Sterling* v. *Galt,* 117 id. 11; *City of Galesburg* v. *Searles,* 114 id. 217; *Palmer* v. *City of Danville,* 154 id. 156; *City of Springfield* v. *Green,* 120 id. 269; *City of Bloomington* v. *Chicago and Alton Railroad Co.*

134 id. 451; *Davis* v. *City of Litchfield*, 155 id. 384, and many
other cases.)    After the passage of the amendment of
1895, (Laws of 1895, p. 100,) incorporated later in the gen-
eral act of 1897 relating to local improvements, (Hurd's
Stat. 1899, p. 362,) we held in several cases which in-
volved local improvements other than sidewalks, that
while the statute had changed the rule and the ordinance
was no longer conclusive of the question of benefits, still,
that an ordinance which did not limit the amount of the
tax to the amount of benefits to be received was not nec-
essarily void.  (*Hull* v. *People*, 170 Ill. 246; *Pfeiffer* v. *People*,
id. 347.)  The statute itself having provided such limita-
tion, and also for a hearing upon the question of benefits
on the application to the court for the confirmation of
the assessment, there was no necessity to incorporate in
the ordinance a similar provision.   But the case at bar
arises under the statute of 1875, providing additional
means for constructing sidewalks, which statute makes
no provision that the cost or amount of the tax shall be
limited to the amount that the property will be benefited,
nor for a hearing to ascertain such benefits, unless that
question may be heard and determined in the county
court on the application by the county collector for judg-
ment against and an order of sale of property returned
as delinquent for special assessments and taxes, and for
general taxes for State, county and other purposes.

Two questions are presented:   First, is the general
doctrine announced in the *Norwood case* applicable to the
levy of a special tax under the act of 1875 to construct
a sidewalk, upon failure of the property owner, after
notice, to construct the same?   And if so, does the stat-
ute in question, alone or in connection with other stat-
utes, provide for a hearing where the property owner
may have a judicial decision of the question whether or
not his property is specially taxed to an amount in sub-
stantial excess of the special benefits it will receive from
the improvement?

The *Norwood case* involved a case of great hardship, where the effect of the decision, had the proceedings been held valid, would have been to allow the municipality, by first condemning the land and then levying the assessment, to compel the land owner not only to give without compensation the land for the street, but to pay the costs of the condemnation proceedings and of levying the assessment, without regard to the question of benefits and without any opportunity to have that question raised and decided; and it was said in the opinion: "If the entire cost incurred by a municipal corporation in condemning land for the purpose of opening or extending a street can be assessed back upon the abutting property, without inquiry, in any form, as to special benefits received by the owner, the result will be more injurious to the owner than if he had been required, in the first instance, to open the street at his own cost, without compensation in respect of the land taken for the street, for by opening the street at his own cost he might save at least the expense attending formal proceedings of condemnation. It cannot be that any such result is consistent with the principles upon which rests the power to make special assessments upon property in order to meet the expense of public improvements in the vicinity of such property."

We recognize, of course, the binding force of the decisions of the Supreme Court of the United States construing the Federal constitution, but we do not understand the decision in question to be applicable to the case at bar. If it is, then cities and villages will be unable to compel any lot owner to construct or pay for the construction of a sidewalk in front of his lot without first having a judicial determination that the cost of the walk will not exceed the benefit of such walk to the lot taxed, even where the costs of the proceedings would exceed the cost of the walk. It might, however, possibly be said that under the decision mentioned it could be held that such local improvements as sidewalks would not, as

a general rule, be "in substantial excess of the special benefits," and the legislative authority might well so assume. But however that may be, this court has held that the property owner is protected from arbitrary exactions, in such cases, by the rule (which it has not hesitated to enforce) that a municipal ordinance, to be valid, must be reasonable, and if it is unreasonable, unjust and oppressive the courts will hold it void. (*Hawes* v. *City of Chicago*, 158 Ill. 653; *Title Guarantee and Trust Co.* v. *City of Chicago*, 162 id. 505; *City of Bloomington* v. *Chicago and Alton Railroad Co.* 134 id. 451; *Craw* v. *Village of Tolono*, 96 id. 255.) In the latter case, respecting the constitutional power of the legislature to provide for the construction of sidewalks in cities and villages by special tax upon abutting lots according to frontage, this court said (p. 259): "Serious apprehensions are expressed lest, under the power to impose special taxation upon contiguous property for local improvements, cities may, in case of very expensive improvements, abuse the power, and under the form of its exercise practically confiscate private property to public use. So long as it is confined to sidewalks there is little cause for such apprehension. It will be time enough to consider the question when a case of oppression occurs. Meanwhile it may not be amiss to suggest that all this must be done, if at all, by ordinance; and it must be remembered that ordinances, to be valid, must be reasonable,—not unfair or oppressive,—and must spring from an honest exercise of legislative discretion." So if the owner of a lot of small value, in complying with an ordinance to construct a sidewalk in front of his property, were required to fill up or bridge a chasm or to dig down a hill or blast out a ledge of rock in order to construct the walk, and in doing so would necessarily incur such an expense as would be unreasonable and oppressive for him to bear in view of the value of his property and the special benefits it would receive, the ordinance would be without binding force and void, be-

cause of its unreasonable and oppressive character. But we do not know that it has ever been held that the test of reasonableness is the exact equality of the burdens imposed and the benefits received. In the case at bar no attempt was made to show that the special tax exceeded the special benefits or that the ordinance was unreasonable or oppressive for any reason, and it certainly does not, on its face, so appear, as did the ordinance in the *Norwood case.*

Our conclusion on this branch of the case is, that the point made by appellants that the ordinance and statute itself are in conflict with the fourteenth amendment of the Federal constitution, and void for that reason under the decision of *Village of Norwood* v. *Baker, supra,* is not well taken and cannot be sustained.

But if it should be considered that the rule there announced is applicable to the construction of sidewalks as well as to other local improvements, still, we are of the opinion that the property owner has, under the act of 1875 and the general revenue laws, an adequate legal remedy and an opportunity to be heard in the county court, and there have decided the question whether the special tax imposed to build the walk is in substantial excess of special benefits received, and whether or not, for any reason, the ordinance is unreasonable or oppressive. Section 4 of that act (Laws of 1875, p. 64,) provides that upon failure to pay the tax the city clerk shall, within such time as may be provided by the ordinance, make report in writing, under oath, to such general officer of the county as may be authorized by law to apply for judgment against lands and sell the same for taxes due the county or State, of all of the lots upon which the special tax shall be unpaid, with the names of the owners and the amount due on each lot. Section 5 then proceeds as follows: "When said general officer shall receive the aforesaid report, he shall at once proceed to obtain judgment against said lots or parcels of land for

said special tax remaining due and unpaid, in the same manner as may be provided by law for obtaining judgment against lands for taxes due and unpaid the county and State, and shall in the same manner proceed to sell the same for the said special tax due and unpaid. In obtaining said judgment and making said sale, the said officer shall be governed by the general revenue laws of the State, except when otherwise provided herein." And the general Revenue act provides for notice of the time and place of applications for judgment and order of sale, and for a hearing, at such time and place, of objections filed by any person interested, and provides that the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be. We see no reason why the property owner may not file his objection to the rendition of judgment against his property and have a hearing thereon, and, if the judgment is unsatisfactory, take his appeal as in other cases. If we are correct in this view, it cannot be said that the statute does not provide any opportunity to the property owner to be heard upon the question whether the tax is in substantial excess of the special benefits received from the improvement. Such an objection was made and filed in the county court in *People* v. *Yancey*, 167 Ill. 255, but the ordinance in the latter case was held void on another ground.

Whether or not, on the hearing of the application for judgment and order of sale, the county court would have the power to reduce the assessment to the amount of special benefits as shown by the evidence, it is not necessary in this case to decide, but, as heretofore decided, all questions affecting the validity of the ordinance may be determined on such hearing.

Finding no error in the record the decree must be affirmed.                                    *Decree affirmed.*