## S. R. HARRIS

*v.*

THE PEOPLE *ex rel.* Frank J. Knight, County Treasurer.

*Opinion filed December 20, 1905.*

1. SPECIAL TAXATION—*effect where there are two ordinances, one valid and one invalid.* Where two ordinances have been passed for the same improvement, one of which is valid and the other invalid, it will be presumed by the courts that the improvement was constructed under the valid ordinance.

2. SAME—*constitutional provision respecting title of a statute does not apply to ordinance.* Section 13 of article 4 of the constitution, relating to the title of a statute, has no application to an ordinance passed by a municipal corporation.

3. SAME—*failure of village clerk to file report on day specified in ordinance is not fatal.* Failure of a village clerk to file his report of delinquent special taxes on the day specified therefor in the ordinance is not fatal to the tax, if he filed the report soon enough thereafter to enable the county collector to apply to the court for judgment against the delinquent lands.

4. SAME—*property owner not entitled to jury trial on question of benefits of special tax.* A property owner is not entitled to have a trial by jury upon the question whether his property is benefited to the extent of the special tax levied against it for the construction of a sidewalk authorized by an ordinance passed under the Sidewalk act of 1875. (Contrary expressions in *Job* v. *City of Alton,* 189 Ill. 256, repudiated.)

APPEAL from the County Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

This was an application by the county collector of DuPage county, made at the June term, 1905, of the county court of that county, for judgment and order of sale against certain property belonging to S. R. Harris, the appellant, located in the village of Lombard, upon which a special tax, levied by authority of the village board of said village, remained due and unpaid. Harris filed a number of objections to the application, which, upon a hearing before the court, were overruled, and on June 17, 1905, judgment was en-

tered against the property for the special tax and costs and a sale ordered to satisfy the same. Harris appeals from the judgment so entered to this court.

The special tax purports to have been levied under and by virtue of an ordinance passed by the village of Lombard on September 20, 1904, for the construction of a sidewalk in front of appellant's property, together with other property, in said village. This ordinance was passed under the provisions of an act of the legislature entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, 1875, in force July 1, 1875, (Hurd's Stat. 1903, chap. 24, sec. 291,) which is commonly known as the Sidewalk act of 1875. The ordinance provided that the whole cost of said sidewalk be levied upon the property mentioned in the ordinance in proportion to its frontage on the said sidewalk. A prior ordinance had been passed on July 21, 1904, for the same improvement, and an amendment thereto on August 18, 1904. The ordinance of July 21 did not establish any grade for the sidewalk, but left it to the engineer in charge of the work to fix such grade. The only provision in the amendment in reference to the grade was, that it should be as established by the engineer in charge or by the president and board of trustees of the village. The ordinance of September 20 specifically establishes a grade for the sidewalk to be constructed thereunder throughout its entire course. Both ordinances contained a provision requiring the village clerk to make a report, in writing, to the county collector on or before March 10, 1905, of all lands upon which the special tax should remain due and unpaid. This report, however, was not filed with the county collector until March 27, 1905. The last section of the ordinance of September 20 provides that all ordinances or parts of ordinances in conflict therewith are thereby repealed.

Each of the ordinances gave the owners of the lots fronting upon the proposed sidewalk the right to construct

the same within thirty days from the publication thereof. Appellant did not avail himself of this right, and the sidewalk was constructed by the village after the thirty days had expired given by the ordinance of September 20.

J. F. SNYDER, for appellant.

H. H. GOODRICH, State's Attorney, and S. J. LUMBARD, for appellee.

·Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant contends that the ordinance of September 20 did not repeal the ordinance of July 21, as amended by the ordinance of August 18, and that the ordinance last above mentioned is therefore the one under which the improvement was made, and that as such amended ordinance neither established any grade nor referred to any grade then established, the improvement was illegally made and the special tax is void.

There is no merit in this contention. It is immaterial whether or not the amended ordinance was repealed by the ordinance of September 20. The amended ordinance did not establish any grade for the proposed sidewalk nor refer to any other ordinance, grade, datum, object or record by which such grade could be determined, but attempted to delegate the power to establish the grade to the engineer in charge. It was therefore fatally defective. (County of DeWitt v. City of Clinton, 194 Ill. 521; Pierson v. People, 204 id. 456; McDowell v. People, 204 id. 499; Biggins Estate v. People, 193 id. 601; Craig v. People, 193 id. 199.) Where two ordinances have been passed for the same improvement, one of which is valid and the other invalid, the law will presume that the improvement was made under the valid ordinance. (Richards v. City of Jerseyville, 214 Ill. 67.) Moreover, the special tax list prepared by the village clerk refers exclusively to the ordinance of September 20,

and the report of that officer to the county collector, made in compliance with section 4 of the Sidewalk act of 1875, makes reference only to the ordinance of September 20, and that ordinance is the only one attached to said report, while the only fact relied upon by appellant to support his contention that the improvement was made under the amended ordinance is that it was passed at an earlier date than the ordinance of September 20.

It is further urged by appellant that the ordinance of September 20 violates section 13 of article 4 of the constitution of this State, which provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

In answer to this contention it is sufficient to say that the section of the constitution relied upon by appellant applies only to acts passed by the legislature, and has no application to ordinances passed by a city or village. *Chicago Union Traction Co.* v. *City of Chicago,* 207 Ill. 544.

The village clerk did not file his report of lands delinquent on account of the special tax with the county collector on March 10, 1905, as directed by the ordinance, but did file it seventeen days later. Appellant urges that this delay of the clerk is fatal to the enforcement of the special tax. With this view we cannot concur. The provision in the ordinance requiring the report of the village clerk to be made to the county collector on or before a certain date is not one for the protection or benefit of the owner whose lands are delinquent. Its only purpose is to inform the county collector of the lots or parcels of land that are delinquent, in order that he may apply to the county court for judgment against such property for the special tax remaining due and unpaid. The application cannot be made to the county court in the absence of such report, but in the case at bar the pur-

pose of the ordinance in requiring the report to be filed on March 10 was as fully carried out by filing it on March 27 as though it had been filed on the earlier date, and was therefore a substantial compliance with the ordinance.

The county court overruled appellant's motion for a trial by jury upon the question whether appellant's property had been benefited to the extent of the special tax by the construction of the sidewalk. In this action of the court there was no error. Under the Sidewalk act of 1875 the determination by the village board that a sidewalk should be constructed by special taxation is a determination that the property so specially taxed is benefited to the extent of the special tax. (*White* v. *People,* 94 Ill. 604; *Craw* v. *Village of Tolono,* 96 id. 255; *City of Sterling* v. *Galt,* 117 id. 11; *Payne* v. *Village of South Springfield,* 161 id. 285; *Chicago and Alton Railroad Co.* v. *City of Joliet,* 153 id. 649; *Pierson* v. *People,* 204 id. 456.) This is subject to the qualification, however, that the ordinance shall not be unreasonable or oppressive, the determination of which is a question of law for the court and not a question of fact for a jury. (*City of Lake View* v. *Tate,* 130 Ill. 247.) In accordance with the rule adopted in this State in reference to the determination of benefits in cases of special taxation, it has been uniformly held that the property owner is not entitled to a trial by jury upon the question of such benefits. *City of Springfield* v. *Green,* 120 Ill. 269; *Davis* v. *City of Litchfield,* 155 id. 384; *Chicago and Alton Railroad Co.* v. *City of Joliet, supra; People* v. *Yancey,* 167 Ill. 255.

It is insisted, however, that all of the above cases in reference to the determination of benefits, as well as numerous other decisions of this court in conformity therewith, are overruled by the case of *Job* v. *City of Alton,* 189 Ill. 256. In that case Job filed a bill for an injunction against the city of Alton and certain of its officers to enjoin the collection of a special tax for a sidewalk which had been constructed in compliance with an ordinance passed under the

Sidewalk act of 1875. Job contended that the ordinance there in question and the act under which it was passed were in conflict with the fourteenth amendment to the Federal constitution, which prohibits the State from depriving any person of his property without due process of law and from denying to any person within its jurisdiction the equal protection of the laws, because, under the terms of the ordinance passed in pursuance of the statute, the whole cost of the sidewalk was imposed as a special tax upon the abutting property according to frontage, and was not limited to the amount of benefits, and no provision was made for ascertaining such benefits. The statute of 1875 had been theretofore held to be a valid one by this court in *White* v. *People, supra,* and *Craw* v. *Village of Tolono, supra,* and had been subsequently acted upon as a valid statute in other cases before this court; but Job contended that the statute was unconstitutional, as coming within the reasoning of the Supreme Court of the United States in the then recent case of *Village of Norwood* v. *Baker,* 172 U. S. 269, where that court had decided that the whole cost of opening a street, including the value of the land taken and the cost of condemnation proceedings, could not be assessed back upon the property abutting on each side of the new street, according to the front foot plan, without regard to the question whether or not the property so assessed was specially benefited to the amount of the assessment, and that such an assessment was void under the fourteenth amendment because it rested upon a basis that excluded any consideration of benefits, and in discussing the case that court used language which apparently included all public improvements within its terms. But this court held in the *Job case* that the rule laid down in the *Baker case* did not apply to the construction of sidewalks under the Sidewalk act of 1875, and that the ordinance and statute were not in conflict with the fourteenth amendment to the Federal constitution, as construed in the light of the decision of *Village of Norwood* v. *Baker, supra.* In view

of the conclusion reached in *Job* v. *City of Alton, supra,* any expressions in the opinion in that case questioning the rule that the determination by a village board that a sidewalk should be constructed by special taxation is a determination that the property so specially taxed is benefited to the extent of the special tax, and that the objector is not entitled to a trial by jury on that question, were unnecessary to a decision of the case then before the court, and will not be held to over-rule the decisions theretofore rendered by this court.

Finding no error in the record now before us, the judgment of the county court will be affirmed.

*Judgment affirmed.*