ADOLPH DUVERNOIS v. THE ESTATE OF DOROTHEA KAISER, DECEASED.

75 431
123 48

*Executors and administrators—Final account—Appeal.*

While in cases of appeal by executors from the settlement of their final accounts the appellate court is to deal with such accounts in a spirit of equity, it must nevertheless have full material to act on, and must know precisely what was allowed or disallowed below, and cannot act on a new or different basis of fact.

Error to Wayne. (Hosmer, J.) Argued June 5, 1889. Decided June 21, 1889.

Appeal by executor from settlement of final account. Judgment of circuit court, affirming that of the probate court, affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellant.

*Andrew J. Linzee,* for estate.

CAMPBELL, J. Appellant served as executor from sometime in 1878 to 1885. In 1886 he was called on to account, and in June, 1887, the probate court of Wayne county found a balance due from him of $991.86. From this he appealed, setting up no ground of appeal except that he should have been allowed credit for this sum.

In the circuit court the probate decision was affirmed, and the case comes up on exceptions and error on the single assignment, in two or three shapes, that the judgment of the circuit court was not authorized.

We have examined the record with some care, and are unable to gather from it precisely what was allowed and what disallowed. There are no definite grounds or items of appeal set out in the claim of appeal from the probate court, and there is in neither court any itemized statement of how the precise balance was made out. The testimony in the case is not such as to clear up the difficulty, or to enable us to settle the equities. The balance may have been made by adding charges or denying credits, and we get no sufficient light from the testimony or the exceptions. On the argument reference was made to compound interest, but the record does not show just what it was or what ruling was made on it. There was also testimony concerning services and counsel fees and other expenses, but how far the probate or circuit court went in dealing with these things the printed record and exceptions do not help us to know, or even to very closely conjecture. It seems probable that in the circuit court the parties and court understood each other, and knew what was admitted and what disputed. But unless this appears in the record we cannot consider it. In this Court we cannot act on matters not appearing in the papers.

While in these cases we are by our practice authorized to deal with such accounts in a spirit of equity, we must nevertheless have full material to act on, and we must know precisely what was allowed or disallowed below. We cannot act on a new or different basis of fact. So far as we can make out from the bill of exceptions, there was nothing determined definitely concerning what would be properly compound interest which under our decisions would be improper, and no definite finding how much allowance was made for services and outlays. We have not been impressed, so far as we can

get at the case, with the idea that any injustice has been done; and, in view of the concurrence of both courts below, we should at least have shown to us very plainly wherein any wrong has been brought about.

The decree must be affirmed, with costs, and certified back.

The other Justices concurred.