JOHN L. EDWARDS, SAMUEL R. PYLES, CHARLES W. TURNER, JAMES W. MATHEWS AND NORMAN A. FORT, AS COUNTY COMMISSIONERS OF MARION COUNTY, FLORIDA, *Plaintiffs in Error*, v. THE CITY OF OCALA, A MUNICIPAL CORPORATION, *Defendant in Error*.

1. The statutes of this State do not authorize a city to improve at the expense of the county the streets abutting on county property used for governmental purposes unless there is a valid contract on the part of the county to pay for the improvement.

2. The constitutional provision requiring "a uniform and equal rate of taxation" does not relate to special assessments by municipalities for street improvements.

3. Under the system of county and municipal government existing in this State statutory authority given to a city to impose and enforce special assessments for local street improvements will be held not to extend to a county court house square located in the city and used for governmental purposes, unless an intent to include such property clearly appears from the statute.

4. The authority given by statute to the city of Ocala "to regulate, require and provide for the construction and repair of streets and for the grading and paving of the same, and * * * may order and have such work done, and the amount expended or to be paid therefor, shall be a lien on the lot or lots fronting or abutting on such street as may be increased

in value by such improvement" * * * "provided that the owners of property on each side of the street * * * shall only be liable for one-third of the actual cost" * * * and the same may be enforced by suit at law or in equity, or the said amount may be recovered against the said owner or owners by suit before any court of competent jurisdiction," does not contemplate that the city shall acquire a lien on county property used for governmental purposes for the improvement of streets abutting on such property; nor does it contemplate that an action may be brought against the county or the county commissioners for the cost of such improvements, in the absence of some contract obligation on the part of the county upon which a recovery may be had.

5. Under the statutory authority given to the county commissioners "to make such orders concerning the care of and the improvement of the corporate property of the county as may be deemed expedient," the county commissioners alone may authorize improvements of county property to be made at the expense of the county.

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Wm. Hocker,* for Plaintiffs in Error;

*H. M. Hampton* and *C. L. Sistrunk,* for Defendant in Error.

WHITFIELD, C. J.—The City of Ocala obtained a judgment against the members of the Board of County Commissioners as such for special assessments levied by the city for paving streets abutting on the county court house square in the city, such square being the property of the

county used for governmental purposes. The validity of this judgment is questioned on writ of error.

The statutes of this State do not authorize the city to improve the streets abutting on county property at the expense of the county in the absence of a valid contract on the part of the county to pay for the improvement. County Commissioners are not authorized to expend county funds except for the purposes and in the manner expressly provided by law.

The constitutional, provision requiring "a uniform and equal rate of taxation" does not relate to special assessments by municipalities for street improvements. There is no express provision in the constitution as to special assessments for local improvements. Under the organic provision that "the legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time," a municipality may by law be given power to require a county to make proper improvement of streets upon which county property fronts within the municipality where such improvement serves a county purpose. Such requirements must be legal and be enforced according to Law. Iowa Pipe & Tile Co. v. Callanan, 125 Iowa 358, 101 N. W. Rep. 141; 3 A. & E. Ann. Cas. 7 and notes; Arnold v. City of Knoxville, 115 Tenn. 195, 90 S. W. Rep. 469; 5 A. & E. Ann. Cas. 881.

In some jurisdictions it is held that when a statute gives to a city authority to impose and enforce special assessments it does not extent to property of the county located within the city and used for governmental purposes, unless the statute expressly so provides. In other jurisdictions it is held that such property is included in the general terms of a statute unless a contrary intent expressly appears. See Edwards & Walsh Const. Co. v.

Jasper County, 117 Iowa 365, 90 N. W. Rep. 1006; Elliott on Roads and Streets, Sec. 550; 25 Am. & Eng. Ency. Law (2nd Ed) 1186; City of Clinton v. Henry County, 115 Mo. 557, 22 S. W. Rep. 494, S. C. 37 Am. St. Rep. 415; 33 Am. St. Rep. 400.

Under our system of county and municipal government statutory authority given to a city to impose and enforce special assessments for local street improvements will be held not to extend to a county court house square located in the city and used for governmental purposes, unless an intent to include such property clearly appears from the statute.

The City of Ocala is by statute authorized "to regulate, require and provide for the construction and repair of streets and for the grading and paving of the same, and — — — may order and have such work done, and the amount expended or to be paid therefor, shall be a lien on the lot or lots fronting or abutting on such street as may be increased in value by any such improvement" — — — "provided that the owners of property on each side of the street — — — shall only be liable for one-third of the actual cost" — — — "and the same may be enforced by suit at law or in equity, or the said amount may be recovered against the said owner or owners by suit before any court of competent jurisdiction." This statute does not contemplate that the city shall acquire a lien on county property used for governmental purposes for street improvements abutting on such property; nor does it contemplate that an action may be brought against the county or the County Commissioners for the cost of the improvements in the absence of some contract obligation on the part of the county, upon which a recovery may be had. The County Commissioners are not the owners of the property of the county, and cannot expend county funds except as authorized by law. The city can

impose no tax, burden or obligation upon the county that is not expressly authorized by law. By statute the County Commissioners are expressly authorized "to make such orders concerning the care of and the improvement of the corporate property of the county as may be deemed expedient." This authority is given only to the County Commissioners, and in the absence of a valid statute permitting it no such authority can be directly or indirectly exercised by the city. It does not appear that the County Commissioners authorized the improvements, and the law does not expressly or by implication impose upon the county any legal obligation to pay for improvements of the streets upon which such county property abuts, where the improvements have not been in some way authorized by the County Commissioners.

The judgment is reversed.

SHACKLEFORD and COCKRELL, JJ., Concur.

TAYLOR, HOCKER and PARKHILL, JJ., Concur in the opinion.

Petition for rehearing in this case denied.