CITY OF GAINESVILLE, A MUNICIPAL CORPORATION, *Appellant, v.* MRS. IRENE MCCREARY, *Appellee.*

## Opinion Filed December 16, 1913.

1. Authority given municipalities to impose taxes and special assessments for municipal improvements should be strictly construed especially when it adversely affects the rights of property holders to be fully advised of the burdens to be put upon them; and any material departure from the express authority is fatal to the special assessment.

2. The provision in Section 4 Chapter 5806, Laws of 1907, that in providing payment for local street improvements the city council of Gainesville shall "by resolution fix the special assessment per front foot upon the abutting property * * * at an amount not exceeding either the actual cost of the work or the estimated special assessment stated in the ordinance providing for the work," means that the assessment shall not exceed the actual cost of the work and shall not exceed the estimated assessment previously stated in the ordinance providing for the work to be done.

Appealed from Circuit Court of Alachua County; J. T. Wills, Judge.

Decree affirmed.

*Robt. E. Davis,* for Appellant;

*W. S. Broome,* for Appellee.

WHITFIELD, J.—This appeal is from a decree enjoining the City of Gainesville from collecting a sum greater than $2.48 per front foot, the estimated special assessment stated in an ordinance providing for street improvements, the amount demanded being $2.893 per front foot, fixed by resolution as the actual assessment.

The matter to be determined is the construction and meaning of the following provision of the charter act of the City of Gainesville, Section 4, Chapter 5806, Laws of 1907: "The City Council shall, as soon as practicable after the completion of any such work, by resolution fix the special assessment per front foot upon the abutting property    *    *    *    at an amount not exceeding either the actual cost of the work or the estimated special assessment stated in the ordinance providing for the work."

The ordinance providing for the work stated that "the estimated amount per front foot of the special assessment to be levied upon the abutting property fronting on said streets, where the same shall be paved, is Two and 48-100 Dollars ($2.48)."

By resolution "the sum of $2.893 is fixed as the special assessment per front foot."

Appellant contends that the charter act above quoted does not permit the city to fix the special assessment for improvements at any sum greater than the actual cost, but that it does permit the city to fix the special assessment at an amount in excess of the estimated assessment if it does not exceed the actual cost of the work, the argument being that the use of the words "either" and "or" does not show an intent to make the previously estimated assessment a limitation upon the authority to fix subsequently the special assessment at an amount sufficient to cover the actual cost which cannot be definitely determined before the completion of the work. But the language of the charter is as applicable to the "estimated special assessment" as it is to the "actual cost of the work," and it is not permissible to construe provisions into a statute or to put upon it a strained

construction for the purpose of adding to the taxing powers of a municipality.

As the charter act provides for a publication of the ordinances containing the previously estimated special assessments and for redress by those aggrieved by the proposed work or the estimated special assessments, it is manifest that such estimated assessments were intended to be the maximum.  Payne v. Village, 161 Ill. 285.

If this were not intended the provisions for publication and redress to injured persons would not fully accomplish the purpose designed.

The statute does not contemplate that important property rights and liabilities fixed by ordinances for taxation purposes may be invaded to the detriment of · property holders by resolutions subsequently adopted without notice.

Authority given municipalities to impose taxes and special assessments for municipal improvements should be strictly construed especially when it adversely affects the rights of property holders to be fully advised of the burdens to be put upon them; and any material departure from the express authority is fatal to the special assessment.  See 5 McQuillan Munc. Corp. Sec. 2023.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER. J. J., concur.