ALACHUA COUNTY, et al., Appellants, v. CITY OF GAINESVILLE, Appellee.

Opinion Filed June 8, 1914.

Chapter 6348 Acts of 1911, does not purport to give to the City of Gainesville a right to a lien for street improvements upon

abutting county property on which the county court house is situated.

Appealed from Circuit Court for Alachua County; J. T. Wills, Judge.

Order reversed.

*W. S. Broome,* for Appellants;

*Robt. E. Davis,* for Appellee.

WHITFIELD, J.—A bill in equity was brought by the City of Gainesville to decree and enforce a statutory lien for street improvements on property of the County of Alachua situated in the City of Gainesville on which the County Court House is located. A demurrer to the bill of complaint was overruled and the county appealed.

Under its statutory charter powers the city may acquire liens upon abutting property for special assessments for street improvements, and the Charter statute. Sec. 4, Chap. 6348, Acts of 1911, provides that "all lands fronting or abutting upon any street, alley, or public place owned or belonging to the State of Florida, Alachua County, the State Board of Education, Board of Public Instruction, or any Sub-School District shall be required to pay its proportion of the costs of such improvements as other lands and property fronting or abutting thereon is required to pay."

If the Legislature can in a special charter statute legally do so, the quoted provision does not purport to give the city a right to a lien for street improvements upon abutting county property on which the county

court house is situated. See Edwards v. City of Ocala, 58 Fla. 217, 50 South. Rep. 421.

The order is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.