CITY OF GAINESVILLE, *Plaintiff in Error,* v. ALACHUA COUNTY, *Defendant in Error.*

Opinion Filed May 11, 1915.

There is no express provision in the Constitution of the State of Florida as to special assessments by a municipality for local improvements. Under the provisions of Section 8 of Article VIII of such Constitution, the Legislature may by statute give to a city authority to make a special assessment for street improvements against property belonging to the county located within the city and used for governmental purposes, and such authority may be conferred by a Special Act.

Writ of error to Circuit Court for Alachua County; Jas. T. Wills, Judge.

Judgment reversed; Cockrell, J., dissenting.

*Robt. E. Davis,* for Plaintiff in Error;

*W. S. Broome,* for Defendant in Error.

SHACKLEFORD, J.—The City of Gainesville brought an action at law against Alachua County whereby it was sought to recover for street improvements on property of the County of Alachua situated in the City of Gainesville

on which the County Court House is located. A demurrer to the declaration was interposed which was sustained, and the plaintiff declining to plead further, judgment was entered in favor of the defendant. The declaration contains four counts, but we see no occasion for copying them. Suffice it to say that the municipality bases its action upon Chapter 6348 of the Laws of Florida, Acts of 1911, page 492, which authorizes such municipality to provide for the making of certain street improvements therein specified and for the payment therefor by special assessment of the cost thereof upon the abutting property. We copy the following provision from such Chapter: "All lands fronting or abutting upon any street, alley or public place owned or belonging to the State of Florida, Alachua County, the State Board of Education, Board of Public Instruction, or any Sub-School District shall be required to pay its proportion of the costs of such improvements as other lands and property fronting or abutting thereon is required to pay."

The declaration, which is quite lengthy and has a number of exhibits attached thereto, alleges the passage of the ordinance providing for such improvements on the streets situated on the property in question, the performance of the work in compliance with the ordinance and the proportionate part of the cost thereof assessed against the property abutting on such streets owned by the county. The demurrer covers several pages and contains a number of grounds, but, as is stated in the brief of the plaintiff in error, which is acquiesced in by the defendant in error, these grounds may be summarized as follows:

"1.   There is no cause of action.

2.   Because there was no consent upon the part of

the County of Alachua to the passage of Chapter 6348, Acts of 1911.

3. Because there was no valid contract on part of the county to pay the assessment.

4. Because a court of law cannot enforce the alleged liability against the county."

It may be well to state that the municipality had previously filed its bill in chancery against the county by which it sought to enforce its lien against the property of the county for such street improvements. A demurrer was interposed to the bill, which was overruled, and upon an appeal by the county we reversed such order on the ground that Chapter 6348 of the Laws of Florida "does nat purport to give to the City of Gainesville a right to a lien for street improvements upon abutting county property on which the County Court House is situated." Alachua County v. City of Gainesville, 67 Fla. 506, 65 South. Rep. 653.

Now we are called upon to determine whether or not such municipality can maintain its action at law against the county for the cost of such improvements. The first question which presses for an answer is, can the Legislature give to a city authority to make a special assessment for street improvements against property belonging to the county located within the city and used for governmental purposes? We have practically answered this question in the affirmative in Edwards v. City of Ocala, 58 Fla. 217, 50 South. Rep. 421, holding that there was no express provision in our State Constitution as to special assessments and that Section 8 of Article VIII, which we quoted, empowered the Legislature to confer such authority upon

a municipality. See also our discussion in Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775, 52 L. R. A. (N. S.) 287. We recognize, as was pointed out in Edwards v. City of Ocala, *supra,* that there is a difference of opinion upon this point in some of the jurisdictions, which, we think, is largely due to dissimilar constitutional provisions. We refer to Board of Commissioners of Franklin County v. City of Ottawa, 49 Kan. 747, 31 Pac. Rep. 788, 33 Amer. St. Rep. 396, to which a comprehensive note is appended; City of Clinton v. Henry County, 115 Mo. 557, 22 S. W. Rep. 494, 37 Amer. St. Rep. 415; Arnold v. City of Knoxville, 115 Tenn. 195, 90 S. W. Rep. 469, 5 Ann. Cas. 881; Edwards & Walsh Construction Co. v. Jasper County, 117 Iowa 365, 90 N. W. Rep. 1006, wherein the authorities upon the point will be found fully collected.

The other question which presents itself is, even if the Legislature has power to enact a general law conferring such authority upon municipalities, can it confer such authority upon one municipality by a special act? We think that an affirmative answer must also be returned to this question. We find that such legislation does not fall within the class of special or local laws inhibited by Section 20 of Article III of our State Constitution, and we think that Section 8 of Article VIII, to which we have previously referred, is sufficiently comprehensive to empower the Legislature to confer such authority. See City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769, and Anderson v. City of Ocala, *supra.*

It follows that the judgment must be reversed, with directions to overrule the demurrer.

Judgment reversed.

TAYLOR, C. J., AND WHITFIELD AND ELLIS, JJ., concur.

COCKRELL, J., dissents.