AGNES A. C. CARR AND HER HUSBAND, W. J. S. CARR, *Appellants,* v. THE CITY OF KISSIMMEE, FLORIDA, A MUNICIPAL CORPORATION, *Appellee.*

Opinion Filed November 29, 1920.

1.  The method of paying for paving improvements is a matter of legislative discretion, and when it is prescribed in the act authorizing the improvements that the assessment shall be made under what is known as the "front foot" rule, an assessment based on a different rule is invalid.

2.  A city council has no authority to adopt a rule for apportioning the expense of paving, different from that expressly designated in the statute, and when a different rule is adopted, the assessment is invalid.

An Appeal from the Circuit Court for Osceola County, C. O. Andrews, Judge.

Order reversed.

*Johnston & Garrett,* for Appellant;

*Lewis O'Bryan,* for Appellee.

BROWNE, C. J.—This case involves the validity of a paving assessment levied by the City of Kissimmee on property belonging to the appellants under the provisions of a special act of the legislature, Chapter 6361, Laws of Florida, 1911.

The demurrer contains a number of grounds, but it may be considered as presenting but two questions:

(1) That the bill does not show that all the acts have been done and all times transpired, required by the statute, up to the time of filing the lien for the paving assessment; and

(2) That the council in determining the amount that abutting owners should pay for paving, adopted a different method from that provided by the statute, and that the assessment is therefore unenforceable.

Section 8 of the special act provides that the paving liens may be enforced by bill in equity or by a suit at law. It further provides that: "The bill in equity or the declaration shall set forth briefly and succinctly, the issuance of the certificate of indebtedness issued on account of such lien, the amount thereof, and the description of the property upon which such lien has been acquired and against which such certificate of indebtedness

was issued, and shall contain a prayer that the owner shall be compelled to pay the amount of said lien, or in default thereof, that the said property shall be sold to satisfy the same.

The bill contains all these averments. This being a statutory remedy we cannot say that the bill is bad because it fails to set forth all the things that the city council was required to do and perform prior to filing the lien for the assessment.

The next question is, does the bill show a different method of apportioning the cost of the paving than that provided for in the statute? We think it does.

Section 1, of the special acts, provides that "the council shall, as soon as the cost of such improvement shall have been ascertained, assess against the abutting property two-thirds of the cost of such improvement in proportion to the length of such abutting property on such street or alley so improved." This is what is known as the "front feet" rule. There are various methods of paying for street improvements. They may be paid for out of the general treasury, or assessed against the abutting property, and if in the latter manner, may be proportioned according to the area of the lot, or its frontage. The expense of the entire work may be charged against the abutting property, or the city may pay part and charge part of it to the abutting property; it may charge each piece of property with its proportion of the cost of the improvements immediately abutting it, or it may apportion the expense of the entire paving among the owners of all the abutting property in proportion to the number of front feet of each piece. Each of the various methods has its advocates, but it is not for us to deter-

mine which is the fairer method, as it is settled in this State that these are matters of legislative discretion, and that the method provided for in the special act known as the "front foot" rule is "a question of legislative expediency, unless there is some special restraining constitutional provision upon the subject." Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775.

The special act that authorized and empowered the City of Kissimmee to make street improvements specifically laid down the method to be adopted in apportioning the cost of the work. The allegation of the bill on this subject is as follows:

"Complainant further alleges that the said City of Kissimmee, has caused to be made on Clyde Avenue and abutting the property hereinabove described, the following improvements, to-wit: 296-Square Yards of Vitrified Brick Paving, and that said improvements have been completed and due notice of the cost thereof and of the intention of the said City of Kissimmee to claim a lien for the proportionate cost thereof having been established by the issuance of a certificate of indebtedness, which has duly been registered in the City Lien Book, in accordance with the provisions of said Special Act, as hereinbefore set forth, and the Council of the said City of Kissimmee having on the said 28th day of June, A. D. 1912, assessed against the hereinabove described property abutting upon said street, the just proportion of the cost of said improvements, same being the proportionate cost upon the real estate hereinbefore described, and being in the sum of $186.48; as will more fully appear by reference to the original certificate of indebtedness No. 40, attached hereto, marked Exhibit 'A,' and a certified copy of minutes

of City Council of the City of Kissimmee, marked Exhibit 'B,' and made a part of this bill of complaint."

The statute requires the assessment to be made upon the basis of the number of feet of frontage of each lot, and it appears from the bill that a different basis was adopted, and the owner of the lot was assessed for "296 Square Yards of Vitrified Brick paving," instead of his proportion of two-thirds of the entire cost, in proportion to the length of his abutting property, as required by the statute.

The city council had no authority to adopt a rule for apportioning the expense of the paving, different from that expressly designated in the statute, and it appearing from the bill that a different rule was adopted, the assessment is void, the bill is without equity, and the demurrer to it should have been sustained.

Order reversed.

TAYLOR, ELLIS AND WEST, J. J., concur.

WHITFIELD, J., dissents.

WHITFIELD, J., dissenting.—I do not understand from the bill that it shows a rule of assessment against abutting property different from that fixed by the statute was adopted or applied by the municipality.